**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES LYNN STYERS, | No. 13-15755 |
| Petitioner - Appellant, | D.C. No. 2:98-cv-02244-JAT |
| v. | |
| CHARLES L. RYAN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted October 24, 2013
San Francisco, California

Before: FARRIS, KOZINSKI, and BEA, Circuit Judges.

James Lynn Styers appeals a district court order denying his motion for

relief from judgment under Federal Rule of Civil Procedure 60(b). Styers argues

that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012),

furnishes a ground for the district court to re-open his federal habeas proceeding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

because under *Martinez*, he can show cause for his procedural default of his claim for ineffective assistance of counsel ("IAC") at sentencing. Styers argues that *Martinez* changed the law and that the change was an extraordinary circumstance such that he should be relieved from the prior judgment that foreclosed review of his sentencing IAC claim. We review the district court's order for abuse of discretion. *Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012). The district court abuses its discretion when it does not apply the correct legal rule, or when it makes a finding that is illogical, implausible, or without support in inferences which can be drawn from the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 (9th Cir. 2009) (en banc). We conclude that the district court did not abuse its discretion, and we affirm.

To decide whether a change in law constitutes a ground for re-opening a final judgment, a court must find extraordinary circumstances and may consider whether (1) the intervening change in law overruled an otherwise settled legal precedent in petitioner's favor; (2) the petitioner was diligent in pursuing the issue; (3) the final judgment caused one or more of the parties to change his position in reliance on the judgment; (4) there is delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) there is a close connection between the original and intervening decisions at issue in the Rule 60(b) motion; and (6) relief

from judgment would upset the principles of comity governing the interaction between coordinate sovereign judicial systems. *Phelps v. Alameida*, 569 F.3d 1120, 1135–40 (9th Cir. 2009). Here, the district court applied the correct rule of law when it considered the *Phelps* factors.

First, the district court correctly found that the change in law under *Martinez* overruled settled precedent and that the first factor weighed in favor of Styers. On consideration of the second factor, the district court found that Styers was not diligent because when Styers filed his habeas petition, he claimed that the procedural default of his sentencing IAC claim should be excused for cause because his PCR counsel was ineffective. The district court did not excuse the procedural default, and Styers did not appeal that decision.

Because Styers failed to appeal the finding of procedural default of the sentencing IAC claim, the district court did not abuse its discretion in finding that this factor weighs against Styers. As to the third factor, the district court found that the State of Arizona had changed its position in reliance on the denial of habeas corpus, because the State stopped defending claims of ineffective assistance of counsel at sentencing, and this finding was not an abuse of discretion. This factor weighs against Styers. As to the fourth factor, the district court found that Styers had not delayed seeking 60(b) relief after the district court's judgment, because

3

Styers litigated his death sentence following the grant of a conditional writ of habeas corpus and any delay before his 60(b) motion was not significant. Weighing this factor in Styers's favor was not an abuse of discretion. The district court found that the fifth factor weighed against Styers because there was not a close connection between the original judgment finding his sentencing IAC procedurally defaulted and the intervening decision in *Martinez*. The district court made its decision without the benefit of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), which clarified the boundaries of *Martinez*. However, considering the district court's finding even in light of *Trevino*, the finding that the relationship between the order denying habeas corpus to Styers was not closely connected to *Martinez* was not illogical, implausible, or without support in inferences that can be drawn for the record.

The district court did abuse its discretion as to the sixth factor when it found that comity was not implicated by Styers's 60(b) motion and that the factor weighed neither for nor against Styers. This finding was illogical, because it was based on a finding that "[a] number of claims. . . . were addressed on the merits in both the district court and appellate courts." Under *Phelps*, the comity factor weighs in favor of a petitioner when federal court review of the merits of a

4

petitioner's claim is barred, and no federal court has addressed the merits of Styers's sentencing IAC claim.

The district court's finding that the comity factor did not weigh in favor of Styers was an abuse of discretion. However, even given its abuse of discretion as to the sixth factor, the district court did not abuse its discretion when it weighed the factors and determined that there were not sufficient extraordinary circumstances to warrant relief from judgment under Rule 60(b)(6). The district court's finding that Styers had not shown extraordinary circumstances was not illogical, implausible, or without inferences that can be drawn from the record. Though "one could weigh the six factors differently" the factors "provide little overall support for reopening [petitioner's] case." *Lopez*, 678 F.3d at 1137. Further, even if *Martinez* did apply, any alleged ineffectiveness did not result in prejudice. Thus, Styers's IAC claim was not substantial. *See Martinez*, 132 S. Ct. at 1318. Therefore, we **AFFIRM**.